

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM PAUL KULANI WEGESEND; BARBARA JEAN WEGESEND, Plaintiffs-Appellants, v. ENVISION LENDING GROUP, INC.; SECURITY NATIONAL MORTGAGE COMPANY; SECURITY NATIONAL LIFE INSURANCE COMPANY; EMC MORTGAGE CORPORATION; JOHN DOES, 1-50; JANE DOES, 1-50; DOE PARTNERSHIPS, 1-50; DOE CORPORATIONS, 1-50; DOE ENTITIES, 1-50; DOE GOVERNMENTAL UNITS, 1-50, Defendants-Appellees. | No. 14-16048  D.C. No. 1:13-cv-00493-DKW-KSC  MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted February 13, 2018[**]
Honolulu, Hawaii

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, CLIFTON, and IKUTA, Circuit Judges.

Plaintiffs-Appellants Mr. and Mrs. Wegesend assert that there is federal court jurisdiction based on diversity. Diversity jurisdiction requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. The Wegesends contend that the amount in controversy is the value of either the relevant property or the mortgages attached to it, because this case is a quiet title case.

This case is not a quiet title case, however. The complaint did not seek to extinguish the mortgages or any claim to the property based on the mortgage. The litigation, were it to proceed, would at most relieve the Wegesends of their professed uncertainty as to the identity of their lenders and the holders of the mortgages on the property. This relief "appear[s] to be intangible, speculative, and lack[s] the capability of being translated into monetary value." *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976) (per curiam) (citations omitted). Even if that relief could be translated into a monetary value, there is no reason to believe the monetary value would exceed $75,000.

Our recent opinion in *Corral v. Select Portfolio Servicing, Inc.* provides further guidance. 878 F.3d 770 (9th Cir. 2017). Although "[w]hen a plaintiff seeks to quiet title or permanently enjoin foreclosure, the object of the litigation is the

ownership of the property," that is not the case when "the object of the litigation is only a temporary injunction." *Id.* at 776. In such a circumstance, "the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.* at 775 (quoting *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001)). Central to our reasoning was recognition that "even if Appellants were to succeed on this lawsuit, they would not be able to retain possession and ownership of their Property without paying off their debt." *Id.* at 776.

The reasoning in *Corral* applies here. Even if the Wegesends were successful in their lawsuit, they would still need to pay off the remaining debt. Moreover, the complaint does not allege that the defendants are making competing claims to the mortgage, and "the Defendants agree that there is no dispute as to the roles of each Defendant entity." *Wegesend v. Envision Lending Grp., Inc.*, No. 13-00493, 2014 WL 1745340, at *2 (D. Haw. Apr. 30, 2014). Neither the value of the property nor the amount of indebtedness is a proper measure of the harm to the defendants. See *Corral*, 878 F.3d at 775-76. As such, the property is not the object of litigation, and the amount in controversy is not greater than $75,000. The requirements for diversity jurisdiction were not met.

**AFFIRMED.**

3